## John Wood, *et als.*, *v.* A. F. Todd, *et als.*

1. USURY. *Recovery of. Judgment on note does not preclude. When.* Where a note of $360 was renewed annually for several years, the debtor paying $60 each time, without diminishing the size of the note, to be applied to the interest, a judgment upon the note, under such circumstances, will not preclude an action for the recovery of the usury thus paid.

2. SAME. *Same. Res judicata. Arguendo.* If the adjudication of the sum due on the note, on which judgment was had, was necessarily an adjudication of the question of usury, then the question as to the usury previously paid cannot be raised. It is *res judicata,* whether the defence of usury is actually made or not.

   Cases cited: Bartholomew *v.* Gaw, 9 Paige, 166; Boyers *v.* Boddie, 3 Hum., 666.

---

### FROM CANNON.

---

Appeal from the Circuit Court.    A. M. HUGHES, Judge.

John Wood, *et als., v.* A. F. Todd, *et als.*

J. W. Burton for Woods, *et als.*

R. Cantrell for Todd, *et als.*

Nicholson, C. J., delivered the opinion of the Court.

Todd sued the executors of Jarrett, in the Circuit Court of Cannon County, to recover a sum of money which he alleges he paid Jarrett as usury.

The proof shows that in 1857, Todd borrowed of Jarrett $300, and gave his note for $360, payable at the end of the year. When this note matured, Todd paid Jarrett $60, and gave a new note for $360, payable at the close of 1858, taking up the first note. This process of paying $60, and giving a new note for $360, was repeated at the end of each year, until 1861, when Todd confessed judgment on the last note, and the judgment so confessed was afterwards satisfied by another note, which was subsequently paid by Todd. It is clear that there was as much as $42 of usury paid upon the payment of each of the notes, down to the time the judgment was confessed in 1861, and if Todd is not estopped by that judgment from relying upon the several usurious payments, then he is entitled to recover all the usury so paid. The only question in the case is, whether, as a matter of law, the rendition of the confessed judgment precludes Todd from going behind it to recover the usury previously paid? If the adjudication of the sum due on the note, on which judgment was confessed, was necessarily an adjudication of the question of usury, then Todd cannot,

in this action, raise the question as to the usury previously paid. It is *res adjudicator*, whether he actually made the defence of usury or not. *Bartholomew* v. *Gaw*, 9 Paige, 166. But the transactions show, that the $60 paid at the maturity of each note, and the renewal thereof by notes of the same amount, took place in pursuance of the contract of borrowing, that is, the contract, as evidenced by the course of dealing, was, that Jarrett would loan Todd $300, take his note for $360, and, at the end of a year, Todd would pay him $60, and give him a new note for $360, payable at the end of the next year, when $60 was to be paid, and a similar process of paying $60, and giving a new note, to be repeated, year after year. The payment each year of $60 was not payment, according to the contract, of that amount on the amount of money borrowed, but only a payment of that amount as the interest on the $300 borrowed, for each year. It was not to be a payment of $60 to be credited on the note, thus reducing it to $300, but a payment each year of $60 for the purpose of keeping down the interest, and obtaining a new note each year for the original amount loaned, and the interest added in for a year. It follows, that when each successive note matured, Todd paid $42 of usury and $18 of lawful interest, and upon so paying executed a new note for $360, on which, at its maturity, $42 of usury was paid, and $18 of lawful interest. By this process, when the judgment was confessed in 1861, Todd had paid each year $42 of usury, which, in the eye of

the law, was so much money received and held by Jarrett for Todd's use, in other words, Jarrett was then indebted to Todd in this amount. By the terms of the contract, these several amounts were not received by Jarrett as payments on the amount of money borrowed. In a Court of Equity, to reach the ends of justice, the contract of the parties being illegal, they would be treated and applied as payments, as in the case of *Boyers* v. *Boddie*, 3 Hum., 666, unless the payments were made expressly to be applied to the usury, then a different question would arise. 9 Paige, 166. But when Todd confessed the judgment in 1861, although Jarrett then owed him the amount of the usury previously received, he was not bound to insist on the benefit of a contract, either by way of payment or set-off. As a matter of fact, the money had not been paid by him, or received by Jarrett, as payment of any thing but the interest. As a set-off, he had his election to plead it, and rely on it in that suit, or to resort to his independent action. The Statute, in express terms, authorizes a party who has paid usury to recover it back. When usury, therefore, is received, the party paying it has his right of action to recover it back at law, in an action of debt or indebtedness *assumpsit*. It follows, that when the judgment was confessed by Todd, the question of usury was not, in fact, involved, nor was he bound to make the question, but he had the right to let the judgment go, and to reserve his right to resort to a separate action of debt for the amount of usury al-

.ready paid. There was a judgment below, in favor of Todd, for the amount of the usury found due, upon the report of the Clerk.

There was no error in the judgment, and we affirm it.